Nov. Term, 1840.

STIPP *v.* THE WASHINGTON HALL COMPANY.

STIPP
v.
THE WASH-
INGTON HALL
COMPANY.

The act incorporating *The Washington Hall Company* requires that an un-sealed instrument of submission to arbitration, to be binding on the company, should be signed by the president and secretary.

When parties refer certain matters in difference to arbitration, and either party neglects to bring forward before the arbitrators any demand he may have against the other party, which is within the scope of the reference, he forfeits his claim to it.

Debt on an award. Plea, *nil debet.* On the trial, the plaintiff produced the instrument of submission and the award, and also a record showing that, subsequently to the award, he had sued the defendant in assumpsit for the demands included in the submission, and that the defendant defeated the suit by relying on the submission and award in the case. *Held,* that the defendant could not, under these circumstances, object to the suit on the award on the ground that the agreement of submission was invalid.

If there be issues on two replications to a plea of payment and set-off, and one of the issues be found for the plaintiff, the set-off is defeated.

*Thursday, January* 14, 1841.

5b 473
129 191

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of debt against the *Washington Hall Company*, on an award for 1,037 dollars and 70 cents. There are six counts in the declaration. The first and some of the others aver, that there being certain matters in difference between the parties, relative to the compensation which was due from the defendants to the plaintiff for his erecting certain buildings and making certain repairs to the *Washington Hall*, in *Indianapolis*, in 1836 and 1837, and respecting the damages, if any, sustained by the defendants in consequence of the said buildings and repairs not having been finished in proper time, or in a workmanlike manner,—those matters in difference were, on the 30th of *May*, 1837, submitted to arbitrators, &c.; that the arbitrators, on the 6th of *June* in the last-named year, made their award in favour of the plaintiff, &c.; whereby an action had accrued, &c. The other counts state that certain other matters in difference existed, &c. (without specifying them,) and that the same were, on the 30th of *May*, 1837, submitted to arbitration, &c.; that an award in favour of the plaintiff was afterwards made, &c. The second and fifth counts, instead of stating generally as the others do, that the agreement of submission was made by the plaintiff and defendants, aver that it was signed by the plaintiff, and by *James Blake*, pre-

Nov. Term,
1840.

Stipp
v.
The Wash-
ington Hall
Company.

sident, and *Benjamin I. Blythe, Thomas M. Smith,* and *John Wilkins,* directors of the *Washington Hall Company,* on behalf of the defendants. . There was a demurrer filed to each count of the declaration. The demurrers to the second and fifth counts were sustained. The other demurrers were overruled, and were afterwards withdrawn.

.The first plea is *nil debent.* The second, third, fourth, and sixth pleas, impeach the validity of the award. The fifth is *nul tiel award.* Replication to the five last-named pleas, that after the submission and award declared on, the plaintiff sued the defendants in assumpsit for the same matters that are described in the agreement of submission mentioned in the declaration; that the defendants pleaded in bar to that action the award now sued on; and that the Court adjudged the award so pleaded to be final, and binding on the parties, as appears by the record. Rejoinder to this replication, *nul tiel record.* Sur-rejoinder, that there is such record, &c.

The seventh plea is a plea of payment; to which there is a replication in denial.

There is also an eighth plea, which is a plea of payment and set-off, charging the plaintiff with being indebted to the defendants, in the year 1837, in the sum of 2,000 dollars for money lent, in the same amount for money had and received, and in the same amount on an account stated. To this eighth plea the plaintiff replied, *first,* that he was not indebted in manner and form, &c.; *secondly,* that the matters claimed as a set-off in that plea were included in certain matters of difference between the parties, which, previously to the commencement of this suit, they had submitted to arbitration; that an award had thereupon been made, &c. Rejoinder to the last-named replication, that, the matters described in the eighth plea are not the same which, by the submission and award mentioned in the replication, were submitted to, and awarded upon by, the arbitrators, &c. Sur-rejoinder, that the matters named in the eighth plea were included in the said submission; concluding to the country.

The issue triable by record was correctly decided by the Court in favour of the plaintiff.

The following are the proceedings on the trial of the issues to the country:—

Nov. Term, 1840.

Stipp
v.
The Wash-
ington Hall
Company.

The plaintiff introduced and proved the instrument of submission relied on in some of the counts of the declaration, which instrument appeared to be signed as is stated in the second and fifth counts. He also proved the award upon which the suit was brought. The award states, that no credit was given in it to the defendants for the sum of 1,453 dollars and 45 cents, which amount the plaintiff was willing to allow, but which the defendants refused to receive as a credit, inasmuch as the same was not paid by the defendants to the plaintiff, but was lent or advanced by the defendants to *A. W. Russell*, and by him advanced to the plaintiff,—the defendants still holding *Russell* responsible to them for the said sum agreeably to his receipts. The plaintiff also intro- duced the record of the cause, described in the replication of estoppel to the second, third, fourth, fifth, and sixth pleas.

The defendants introduced in evidence five receipts. Four of them are signed by *A. W. Russell*, and acknowledge his receipt from the defendants of several sums of money on ac- count of the *Washington Hall* buildings, amounting in all to 1,453 dollars and 45 cents, to be returned to the defendants if required. The fifth is signed by the plaintiff, and acknow- ledges his receipt of 1,453 dollars and 45 cents from *Russell*, on account of the defendants. These receipts are all dated five or six months before the agreement of submission de- scribed in the declaration. The defendants proved that the receipts just mentioned were before the arbitrators who made the award; that the plaintiff expressed his desire to the arbitrators that they would allow to the defendants the amount of his receipt given to *Russell;* but that the defen- dants voluntarily withdrew the receipts from the considera- tion of the arbitrators, with a view of recovering from *Russell* the amount of his receipts, whom they considered liable to them for the same; and that the receipts being thus with- drawn by the defendants, were not acted upon by the arbitrators. The defendants also proved, that the plaintiff was the undertaker for erecting the buildings and making the repairs for which he claimed an allowance by the arbitrators, and that *Russell* was one of his sureties in the contract; that the defendants, at one time, refused to advance to the plain- tiff more money on the contract, in consequence of his ne-

Nov. Term,
1840.

STIPP
v.
THE WASH-
INGTON HALL
COMPANY.

glecting the work; that *Russell* being responsible, and having advanced money to the plaintiff, procured loans from the defendants to enable him and the plaintiff to carry forward the work, and gave his aforesaid receipts for the same; and that *Russell* paid the money so received to the plaintiff and took his said receipt for the amount, but without the defendants' authority.

There was also proof that at the time of this trial before the arbitrators, there was a suit pending in the Circuit Court in favour of the defendants' agent against the plaintiff, founded on the said receipts.

This is the substance of the evidence given to the jury by the parties.

The Court refused to give several instructions to the jury asked for by the plaintiff, but instructed them that if the defendants, when before the arbitrators, refused to receive a credit offered to them by the plaintiff for their claim evidenced by the receipts of *Russell* and the plaintiff, under a misapprehension of their rights, they were not bound by the refusal, otherwise they were. The Court gave several instructions to the jury, on motion of the defendants, which it is not necessary to notice. The jury gave a verdict for the defendants. The plaintiff moved for a new trial which was refused; and judgment was rendered on the verdict.

The demurrers to the second and fifth counts were correctly sustained. The act incorporating the defendants requires that instruments, like the unsealed agreement of submission described in these counts, should be signed by the president of the company, and attested by the secretary. It must be understood from these counts, that said agreement described in them has not the attestation of the secretary; and they are therefore defective.

There are two grounds upon which the plaintiff was entitled to a new trial.

The first is, that the instruction given to the jury and which we have set out, is erroneous. The instruction was not only foreign to the issues relative to the set-off, but it was calculated to mislead the jury as to the law. The law is not, as that instruction implies it is, that the set-off, though within the agreement of submission, was valid, if the defend-

Nov. Term,
1840.

STIPP
v.
THE WASH-
INGTON HALL
COMPANY.

ants, from a misapprehension of their rights, withdrew it from the consideration of the arbitrators. On the contrary, if the set-off was within the agreement of submission, the defendants were bound to bring it before the arbitrators, or forfeit their claim to it, so far as the plaintiff was concerned. This is the necessary result of the submission, the express object of which was, to put an end to the disputes then existing between the parties on the subjects referred. The following case is in point: The master and owner of a ship referred to arbitration the disputes between them respecting the ship's accounts, &c., and a balance was awarded in favour of the master. Upon a rule for an attachment against the defendant for non-payment, he insisted on a deduction of a certain sum, which, though within the terms of the reference, he had not made the subject of claim before the arbitrators. He relied on *Golightly* v. *Jellicoe*, 4 T. R. 147, in note, and on the Digest, lib. 4, tit. 8. Lord Ellenborough expressed his opinion on the subject as follows:—Here is a reference of all matters in difference, and it appears that the subject, in respect of which the deduction is now claimed, was a matter in difference at the time, and within the scope of the reference; notwithstanding which, the defendant contends that he was not obliged to bring forward the whole of his case before the arbitrators, but might keep back a part of it in order afterwards to use it as a set-off. But it was competent to him to have brought the whole under the consideration of the arbitrators; and, therefore, without deciding against the authority of *Golightly* v. *Jellicoe*, or the case cited from the civil law, I think that where all matters in difference are referred, the party, as to every matter included within the subject of such reference, ought to come forward with the whole of his case. The other judges concurred. *Smith* v. *Johnson*, 15 East, 213. The following authorities are to the same effect. *Dunn* v. *Murray*, 9 Barn. & Cress. 780.—*Wheeler* v. *Van Houten*, 12 Johns. 311.—*Fidler* v. *Cooper*, 19 Wend. 285. The circumstance that the defendants misapprehended their rights when they withdrew their claim, can make no difference. *Ignorantia juris non excusat.*

The other ground upon which a new trial should have been granted to the plaintiff is, that the evidence was not

Nov. Term,
1840.

Stipp
v.
The Wash-
ington Hall
Company.

sufficient to support the verdict. There are four issues to the country. The first is on the plea of *nil debent*. Under that issue, the plaintiff produced the instrument of submission and the award upon which his action was founded. The defendants contend, however, that the instrument of submission was not executed by them in the manner prescribed by the act of incorporation, and that the award therefore does not bind them. This objection is untenable. The plaintiff produced a record to the jury, which showed that subsequently to the award, he had sued the defendants in assumpsit for the same demand that was included in the submission, and that the defendants' defeated the suit by relying on the submission and award to which they now object. It would be extraordinary if the defendants could defeat the plaintiff's action of assumpsit for the value of his labour, by pleading the submission and award, and then defeat his subsequent suit on the same submission and award, by denying their validity. The law cannot sanction such an inconsistency. The objection to the submission ought not to succeed against the record produced by the plaintiff, and as he could not here, the plea being *nil debent*, reply the estoppel, he must have the advantage of it upon the evidence. *Treviban* v. *Lawrence*, 2 Ld. Raym. 1048. S. C. 1 Salk. 276.—*Wright* v. *Butler*, 6 Wend. 284.—*Dows et al.* v. *M'Michael*, 6 Paige, 139. The verdict, therefore, on the issue under consideration should have been in favour of the plaintiff.

The second issue is on the plea of payment. The defendants made no attempt to prove that plea.

The third and fourth issues arise from the replications to the plea of payment and set-off. If either of those issues ought to have been found for the plaintiff, the jury should not have allowed the set-off. The first of said issues raises the question, whether the payment of 1,453 dollars and 45 cents pleaded as a set-off, and which the receipts of *Russell* and the plaintiff were introduced to prove, was ever chargeable by the defendants to the plaintiff? That question we shall not now decide. Admitting for argument's sake, that the payment was so chargeable, the plaintiff was still entitled to a verdict on the issue on the second replication to the plea of payment and set-off. That issue presents the question, whe-

ther the payment claimed as a set-off, though chargeable to the plaintiff when made, was included within the agreement of submission? This question may be answered in a few words. There was sufficient evidence before the jury to show, that the payment insisted on as a set-off, if advanced by the defendants to the plaintiff, was advanced previously to the reference in part discharge of the compensation due from the defendants to the plaintiff, for erecting the buildings and making the repairs mentioned in the first count of the declaration; and the agreement of submission shows, that the principal object of the reference was to ascertain the amount of the compensation which was due from the defendants to the plaintiff, for erecting the buildings and making the repairs to which we have just referred. There can be no doubt, therefore, but that the payment now pleaded as a set-off, if chargeable by the defendants to the plaintiff at the time it was made, was included within the subsequent agreement of submission, and that the issue last-named should have been found for the plaintiff.

We are therefore of opinion, that the plaintiff was entitled to a new trial; *first*, because of the erroneous instruction to the jury; and, *secondly*, because the plaintiff proved his case, and showed that the set-off, if it was ever chargeable to him, was embraced in the agreement to submit, and was consequently inadmissible in this suit.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*P. Sweetser* and *O. H. Smith,* for the plaintiff.

*C. Fletcher, O. Butler, J. Morrison,* and *H. O'Neal,* for the defendants.