Nov. Term, 1860.

Ogden
v.
Rowley.

*Chase* and *Wilstach*, for appellant.

*Vinton* and *Miller*, for appellee.

---

## Ogden *v.* Rowley.

Suit upon an award. Answers impeaching the award for mistake, fraud, misconduct of arbitrators, &c. Reply, by way of estoppel, that the defendant, in another action between the same parties, founded upon the same cause of action upon which the award sued on in this case was founded, had answered in bar of that action the award now sued on, and thereby defeated said action.

*Held,* that the award was treated as valid by the defendant, in setting it up as a defense to the former action; and that having had the benefit of it as a valid award, in that suit, he can not afterward be permitted to impeach it.

*Tuesday, November* 27.

APPEAL from the *Vanderburgh* Common Pleas.

HANNA, J.—The appellant was the plaintiff below; his complaint contained two paragraphs. The first was based

upon an award; the second was for one-half the cost or value of a partition-wall.

The defendant answered the first paragraph of the complaint in fifteen paragraphs; each attacking the award, and setting up facts to impeach it, of mistake, misconduct, and fraud of two of the arbitrators, the plaintiff, and his attorneys: as to the second, he answered, setting up the award in bar.

A demurrer was sustained to a part, and overruled as to a part, of the paragraphs of the answer to the first paragraph of the complaint. The plaintiff then replied to the paragraphs of the answer to which the demurrer was overruled, setting up an estoppel, in this; that at the then present term of the same Court there was a suit pending in favor of the said plaintiff against the said defendant, for the same cause of action and subject matter upon which the award now sued on was founded, and that in answer to, and in bar of, that action, said defendant pleaded the award now sued on, and thereby defeated said action.

Copies of the complaint, answer, and judgment of the Court, in the former suit, were made part of the reply.

A demurrer was sustained to the reply. Judgment for the defendant.

The only question presented for our consideration, is upon the last-named ruling of the Court.

The appellant argues, that the defendant, by pleading the award in the former suit, is now estopped from attempting to impeach it. The appellee admits that such would be his position if he had pleaded the award in bar of that suit; but he insists that he did not so plead it; that the answer, in that action, was simply that another suit was pending for the same cause of action ; and that he referred to, and made the award a part of, that answer, to show that the matters arbitrated were the same as those then sued on, and that an action was pending upon that award.

The question is, as to the character, force, and effect of that answer.

The record of that suit, as pleaded, shows that the plaintiff, by his complaint, claimed damages resulting from the falling of a partition-wall, by which the property of plaintiff was

Nov. Term,
1860.

OGDEN
v.
ROWLEY.

injured; averring that the building of defendant, adjoining that of plaintiff, was built of defective materials, and in an insufficient manner; so that, &c.

The answer of defendant set up, that before the bringing of said suit, and after the committing of said grievances, the plaintiff and defendant referred certain matters of difference, " including the grievances complained of," to the arbitration, &c. It is then averred that the arbitrators, designated, took upon themselves, and discharged the said duties, specially setting forth the facts; and made an award, which is copied, and is the same as the one now sued on. The answer then avers, that "before the commencement of this action, the said plaintiff brought his action against the said defendant, upon the said award, for the recovery of the amount of the said award, awarded to be paid to the said plaintiff by the said defendant (for and on account of the identical supposed grievances complained of in said complaint), in the Court of Common Pleas of *Vanderburgh* county; and that the said suit, so brought and prosecuted against the said defendant by the said plaintiff as aforesaid, is still pending in the said Court." The answer so pleaded referred to the present suit.

We are of opinion that the ruling of the Court upon the demurrer to the reply was erroneous. The award was, by the defendant, treated as valid, in the answer setting it up as a defense to the former action. Certainly, if he had then impeached its validity for the causes now attempted to be pleaded, he would not have been heard in that attempt to thereby defeat the suit instituted upon the causes which were the subject of said award. Having had the benefit of it, as a valid award, in that suit, he should not now be permitted to impeach it. *Washington Hall Co.* v. *Stipp*, 5 Blackf. 473.—2 B. Monroe, 257.—2 Sumner's R. 589.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Conrad Baker*, for appellant.

*Jones & Blythe*, for appellee.