## Teneycke et al. v. Lesh et al.

[No. 12,489.   Filed May 13, 1926.]

1. HUSBAND AND WIFE.—*Creation of tenancy by entireties.*— Where a husband and wife executed a deed conveying the wife's land to a third party and he reconveyed to them, a tenancy by entireties was thereby created.   p. 556.

2. ESTOPPEL.—*Parties to partition proceedings who did not object to sale of land, and accepted their shares of proceeds, are estopped to claim an interest in the land itself as against the purchaser.*—Parties to a partition proceeding who filed an answer admitting the allegations of the complaint as to their interests and did not object to the order of sale, or to the sale as made, and have accepted their shares of the proceeds of sale, are estopped from claiming any interest in the land itself as against the purchaser.   p. 558.

3. JUDGMENTS.—*Rights of parties to partition proceedings were necessarily adjudicated in action based on will and complaint set out the interests of defendants thereunder.*—Where an action for partition was based on a will devising the land and the complaint set out the interests of the various defendants in accordance with the provisions of the will, their rights in the land were necessarily adjudicated in the partition proceeding and they were concluded by the judgment therein.   p. 558.

4. LIMITATION OF ACTIONS.—*Action for the recovery of real estate is barred after five years from confirmation under certain circumstances.*—Under subdivision 4 of §302 Burns 1926, §295 Burns 1914, any action for the recovery of real estate sold by a commissioner on a judgment specially directing the sale of the property sought to be recovered, brought by a party to the judgment, is barred after five years from the confirmation of the sale.   p. 558.

From Marion Circuit Court (33,215); *Harry O. Chamberlin,* Judge.

Action by Edward N. Teneycke and another against Charles P. Lesh and another.   From a judgment for the defendants, the plaintiffs appeal.   *Affirmed.*   By the court in banc.

*Galvin & West,* for appellants.

*James M. Ogden* and *H. Nathan Swain,* for appellees.

NICHOLS, C. J.—Action to recover possession of real estate. It appears from the record that on March 17, 1883, Mary F. Hanway, then the wife of Samuel Hanway, purchased twenty-four and one-half acres of land, of which the land in judgment was a part, entered thereon with her husband, and occupied the same up to her death as her home, which occurred on July 10, 1890.

She died intestate and left surviving her, as her only heirs, her husband and appellant Arnold, then Martha J. Hanway, her daughter. No letters of administration were taken upon her estate, and it was never settled nor disposed of other than by Samuel Hanway and his executor.

In November, 1889, she and her husband executed a deed to Walter P. Hanna to said tract and he, on the same date, reconveyed the same to them. Being husband and wife, a tenancy by entirety was thereby created.

1.

On March 28, 1890, this tract was by them included in a plat of Washington park in which it was recited over their signatures and the signatures of all the other lot-owners that certain of the lots, included in which was the lot here involved, were owned by Mary F. Hanway. Appellants contend that this showed her ownership at her death, and that her husband and anyone holding under him were fully estopped by record from questioning such ownership.

The husband, after the death of his wife, occupied such home, and in April, 1892, remarried, and continued to reside therein to November 23, 1897, when he died testate.

By his will he gave the undivided one-third of all of his real estate to Florence L. Hanway, his widow, and

devised the remaining two-thirds to the Union Trust Company of Indianapolis, Indiana, trustee, for the benefit of his daughter, appellant Arnold, his son, by his first marriage, Thomas Hanway, and his grandchildren, Edward N. and Samuel Teneycke, children of appellant Arnold, by her former marriage.

Pursuant to the authority given it by said will, said trust company trustee, on October 26, 1899, filed a petition in the Marion Circuit Court asking for the partition of all of the lands owned by Samuel Hanway, including the land here involved. In this petition, said trustee alleged that it, as trustee for Martha J. Arnold, *et al.,* owned the undivided two-thirds interest in all of said lands, and that Florence L. Hanway, the widow, owned the other undivided one-third interest therein. There was partition of all of said lands, except the lot here involved, and on June 30, 1900, said trustee filed an amended petition asking for the partition of said lot, setting out the interests of the various parties in said lot, alleging that said lot was indivisible, and asking that the interests of the parties therein be adjudged and that such lot be ordered sold. Appellants herein were defendants in said cause, and, as such, filed an answer in which they admitted the truth of the allegations of the petition and consented to a partition sale as therein prayed. There was an order of sale, based on said amended petition and on the answer of appellants thereto, in which the interests of the parties to that cause of action were found and adjudged to be as alleged in the petition, and in which it was adjudged that the said lot was indivisible and a commissioner was appointed to make such sale. Pursuant to the order of sale, the commissioner sold and conveyed said lot to appellees for $5,000. On September 14, 1900, the sale and deed to appellees were duly approved by the court and the

commissioner made distribution of the proceeds, and was discharged.

These are the substantial facts, so far as here involved, in the court's special finding of facts, upon which conclusions of law were stated against appellants, and judgment rendered accordingly, error in such conclusions being the only error presented. ·

As we view this case, appellants certainly have but little upon which even to commence an action. Even if it were conceded that the deed by Mary F. Han-

2.  way and her husband to a trustee, and the deed by him back to them did not create a tenancy by entirety, and we do not so hold, but created only an estate in the husband, so far as his interest is concerned, as a nominal trustee, still appellants are bound by the the fact that the real estate involved was sold to appellees for full value. They were parties to that action, by answer admitted the allegations of the complaint as to their interest, did not in any way object to the order of sale, or to the sale as made, and have since benefitted from the proceeds of the sale. Under such circumstances, they are, and should be, estopped from setting up any interest which they might have had at that time as against appellees. *Ogden* v. *Rowley* (1860), 15 Ind. 56, 58; *McCabe* v. *Raney* (1869), 32 Ind. 309.

Aside from the principle of estoppel, appellants' rights were adjudicated in the partition suit. *Armstrong* v. *Hufty* (1899), 156 Ind. 606, 613, 55 N.

3, 4.  E. 433. Even if appellants were not estopped, and even if there were some irregularity somewhere, by virtue of which appellants might recover the real estate after the sale of the same in the partition proceeding, they were long since barred by the statute. Section 302 Burns 1926, §295 Burns 1914, provides that: "The following actions shall be commenced within the periods herein prescribed after the cause of

action has accrued, and not afterward: * * * Fourth, for the recovery of real property sold by . * * * commissioners of court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, * * * within five years after the sale is confirmed."

Judgment affirmed.