NEW-YORK,
May, 1810.

GREEN *against* MILLER.

GREEN
v.
MILLER.

THIS was an action of *assumpsit*, on a promissory note for 500 dollars, dated 30th *October*, 1807, made by the defendant, payable to the plaintiff, on demand.

At the trial, the counsel for the defendant offered to prove, that there was a controversy existing between the parties, which they agreed, by *parol*, to submit to five arbitrators, and that their award should be binding; and it was agreed, that two notes should be drawn with the same sum and date, one by each party, payable to the other, which notes should be deposited in the hands of the arbitrators, who were authorized to endorse the one or the other of the notes, as their award should be, so as to reduce the sum agreeably to their award, or to find the whole amount. The notes, on one of which the present suit is brought, were delivered to the arbitrators. In making the submission, nothing was said by the parties whether all the arbitrators were to agree in the award, or whether it was to be made by a majority, or any number less than the whole.

All the arbitrators met, and heard the allegations and proofs of the parties; but *four* of them only, agreed to the award, that 177 dollars and 14 cents should be endorsed on the note in question. The other arbitrator dissented; and both notes were then delivered to the plaintiff, by four of the arbitrators, against the consent, and contrary to the opinion expressed by the other.

It was objected, on the part of the defendant, upon this statement of facts, that the action could not be maintained on the note, on the ground, that *all* the arbitrators should have joined in the award; but the judge, at the trial, being of a different opinion, a verdict was found for the plaintiff, for the balance of the note.

Where there was a *parol* submission to five persons, it was held, that all of them must join in the award. Where an authority is confided to several persons, for a private purpose, all must join in the act; *aliter* in matters of public concern.

NEW-YORK,     A motion was made to set aside the verdict, and for a
  May, 1810.    new trial.

GREEN
  v.
MILLER.        *Shepherd*, for the defendant. As the submission was
            to five arbitrators, without saying that the majority of
            them might award, it was necessary that all should
            agree, to render the award binding. The authority
            was delegated to the whole, and must be strictly pur-
            sued. Arbitrators derive all their power from the con-
* Cro. Jac. 400.  sent of the parties.* Referees, being appointed by law,
*Moore*, 849.    a majority may report; but it is different where the au-
            thority is derived from the parties themselves.

              *Crary*, contra. As the submission was by *parol*, it is
            not to be construed with the same strictness, as where
            it is in writing. It is fairly to be inferred, that the par-
            ties intended that the award should be made by a ma-
            jority of the arbitrators. It is a general opinion, at
            least in regard to matters of a public concern, that
            where a power is given to several persons, the act of
† Grindley v.   the majority should bind the rest.† This principle is
*Barker*, 1 *Bos.*  founded in convenience; and there can be no doubt, that
*& Pull.* 229.   it was understood to be the rule by the parties in the
            present case.

              *Shepherd*, in reply. Where persons are appointed to
            do a particular act, they must all join, unless it is other-
            wise expressed. And in all written submissions, it is
            always provided, that a majority of the arbitrators
            may award. This shows the general opinion, that with-
            out this provision, it would be necessary that all should
            join in the award. Whether the submission is by *parol*,
            or in writing, can make no difference. The principle is
            the same.

              THOMPSON, J. delivered the opinion of the court.
            A controversy between these parties was submitted to

five arbitrators. The submission did not provide that a less number than the whole might make an award. All the arbitrators met, and heard the proofs and allega- tions of the parties, but four only agreed on the award made; and whether this award be binding, is the ques- tion now before the court.

No case has been cited by the counsel, where this question has been directly decided. I am, however, satisfied, that, as a submission to arbitrators is a dele- gation of power, *for a mere private purpose*, it is neces- sary that all the arbitrators should concur in the award, unless it is otherwise provided by the parties.. In matters of public concern, a different rule seems to prevail; there the voice of the majority shall govern. In the case of *Grindley* v. *Barker*, (1 *Bos. and Pull.* 236.) *Eyre*, Ch. J. says, " It is now pretty well established, that where a number of persons are entrusted with power, *not of mere private confidence*, but in some re- spects of a general nature, and all of them are regularly assembled, the majority will conclude the minority, and their act will be the act of the whole." The same prin- ciple was recognised by the court of K. B. in the case of *The King* v. *Beeston*, (3 *Term Rep.* 592.) which arose under the statute 9 *Geo.* I. which enables the church- wardens and overseers to contract for the providing for the poor. It was held, that it was not necessary that *all* the churchwardens and overseers should concur; as the contract of the majority of them would bind the rest.

Lord *Kenyon*, however, observes, that this was very different from the case of trustees in settlements, who are generally chosen by the different branches of the family, in which case it is necessary that they should all concur in every act, in order, that each may protect the interest he was appointed to guard.

These cases, I think, warrant the conclusion, that where the trust or authority delegated is for mere pri-

vate purposes, the concurrence of all interested with the power, is necessary to its due execution.

In the case of *Berry* v. *Penning*, (*Cro. Jac.* 100.) the submission was to the arbitrament and order of four persons, &c. *so as* the award be made and delivered in writing under the hands and seals of the four, or any three of them. The award was made by three only, and it was contended that it was void, because the *arbitrative authority* was given to them, all four, and not to the three, that the words *so as* the award be made by them, or any three of them, did not alter the authority. And to this opinion the court were, at first, inclined, but after several arguments, they decided, that the award was good. They considered, that although the words, at the first, are to the four jointly, yet by the subsequent provision, the authority is disjoined, so as to make the submission to the four, or any three of them. No doubt can be entertained, that had it not been for the subsequent provision which was deemed explanatory of the intention of the parties, the award by three would have been held void.

The same doctrine was established in the case of *Sallows* v. *Girling*, (*Cro. Jac.* 278.) which was very analogous to the one last cited. And even there *Fleming*, Ch. J. doubted, and rather inclined to the opinion, that all four ought to make the award.

In *Barnes's* notes, p. 57. (*Willes*, 215.) it is laid down, that unless it be expressly provided, in the submission, that a *less number* than all the arbitrators named, may make the award, the concurrence of all is necessary; and where such a proviso is made, all must be present, unless those who do not attend had proper and sufficient notice, and are wilfully absent.

We are, accordingly, of the opinion, that the motion for a new trial ought to be granted.

New trial granted.