## George I. Galvin vs. James Thompson & al.

In an action upon an award, parol evidence to show how far each party had performed, or had fallen short of performance of the contract submitted to the determination of the arbitrators, and what claims thence resulted by one upon the other, depending on facts subsequent to the agreement, and which could only be verified by such proof, is admissible.

And if by the aid of such evidence, the condition of the bond to perform the award, and the award of the arbitrators, otherwise obscure and uncertain, may be rendered intelligible, an action may be maintained.

When evidence has been offered on the trial and rejected, in determining the question submitted to the Court, the truth of the facts offered to be proved is to be considered as established.

If arbitrators award in favor of one party in a particular unauthorized by the submission, it affords no ground of objection on his part.

THIS was an action of *debt* on bond, conditioned to abide an award and to deliver certain timber. The general issue was pleaded and joined, accompanied with a brief statement. The plaintiff adduced in evidence the bond declared on with the condition, the contract first made between the parties, the award referring thereto, and testimony shewing that the parties were notified of the award on its being made. The substance of the submission and award sufficiently appear in the opinion of the Court.

The counsel for the defendants objected that the award was void for uncertainty ; that it did not follow the agreement of the parties ; that it did not follow the submission ; and that it did not put an end to the differences between the parties.

The plaintiff offered to introduce testimony to prove by parol, first, that the quantity of timber cut under the contract was 122 tons and three feet ; that the timber was driven down to tide or salt water in *Calais ;* that notice was given by *Galvin* to *Thompson,* of the place in *Calais,* viz : in *Shaw's* boom, where he wished the timber delivered ; that *Thompson,* prior to the execution of the bond, had taken 37 tons of the timber cut under the contract, and appropriated it to his own use, without the consent of said *Galvin,* leaving the balance of said timber, 84 tons and 11 feet ; and that said *Thompson,* being insolvent, and objecting to the delivery of any of the timber to *Galvin,* on the ground that he had interfered with his logging birth, and thereby injured his winters' work. *Galvin* agreed to refer the difficulties under the con-

tract, provided said *Thompson* would procure a responsible person to become surety for the faithful performance of the award ; and *Thompson* accordingly procured the other defendant as his surety ; that after the award, *Galvin*, relying upon the same, and the security he had obtained, as he supposed, permitted *Thompson* to take and use said timber as he pleased, and thus lost the benefit of the lien on the timber secured to him under the contract.

*Weston C. J.*, before whom the trial was had, sustained the objections made to the award and directed a nonsuit, with leave to the plaintiff to move to set aside the same, if the whole Court should be of opinion that the award is good or that it may be made good by the parol testimony offered, so far as the same may be legally admissible ; otherwise the nonsuit is to stand.

*Downes*, for the plaintiff, argued, that the evidence offered was admissible, shewing the situation of the property which was the subject matter of the contract, and how much had been done when the agreement to refer was entered into, as well as the state of things existing at the time of the making of the award ; and that the award was, as certain, as from the nature of the subject of it could be reasonably expected, and that this was sufficient. *Hawkins* v. *Colclough*, 1 *Burr.* 274 ; *Barry* v. *Rush*, 1 *T. R.* 691 ; *Rosse* v. *Hodges*, 1 *L'd Raym.* 233 ; *Caldwell on Awards*, 109. If the award can be made certain by proof of facts bearing on the subject, it is all the law requires. 3 *Lev.* 18 ; *Barnes*, 166 ; *Cro. Car.* 383 ; 2 *Wils.* 267 ; *Caldwell on Awards*, 110.

The award follows the agreement of the parties and the submission. It sufficiently appears, that the arbitrators adjudicated on all matters of difference submitted to them, and this is sufficient. *Dolbier* v. *Wing*, 3 *Greenl.* 421.

*Bridges*, for the defendants, contended, that the nonsuit was properly ordered.

1. The award must be tried by what appears on its face. *Doe* v. *Rosser*, 3 *East*, 15.

2. The award is not examinable, unless there is fraud in the arbitrators, which is not pretended ; and if there was, it would set the award aside and shew, that there was no cause of action. *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21.

3. An award must be certain, and shew in itself what the arbitrators intend. 13 *Johns. R.* 96; 5 *Wheat.* 394; *Caldwell on Awards*, 107.

4. The bad part of the award is manifestly the consideration of the good part, and therefore the whole is void. *Gordon* v. *Tucker*, 6 *Greenl.* 447; *Watson on Awards, Phil. Ed.* 71.

5. The parol proof offered to make the award certain was not admissible for that purpose, and would not make it certain, if admitted. *Woodbury* v. *Northey*, 3 *Greenl.* 85; *Thompson* v. *C. C. Soc. in Rehoboth*, 7 *Pick.* 160; *North Yarmouth* v. *Cumberland*, before cited; *Newland* v. *Douglas*, 2 *Johns. R.* 62; *Barlow* v. *Todd*, 3 *Johns. R.* 367; *Perkins* v. *Wing*, 10 *Johns. R.* 143; *Bean* v. *Farnam*, 6 *Pick.* 269; *Gray* v. *Wells*, 7 *Pick.* 217; *Ward* v. *Gould*, 5 *Pick.* 291.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — By the agreement between the plaintiff and *Thompson*, each entered into stipulations in regard to the timber to be cut, hewn and transported to tide waters by *Thompson*. How far each had performed or fallen short of performance, and what claims thence resulted by the one upon the other, depending on facts subsequent to the agreement, could be verified only by parol proof. We are of opinion then that the parol proof offered at the trial by the plaintiff was legally admissible. And with the aid of that, the condition of the bond in suit, and the award of the arbitrators, otherwise so obscure and uncertain, may be rendered intelligible. Assuming, as should be done, in determining the question submitted to our consideration, the truth of the facts offered to be proved, it would have been made to appear that *Thompson* had cut, hewn and driven to tide waters, one hundred and twenty-two tons and three feet of timber; that the plaintiff required it to be placed in *Shaw's* boom at *Calais*; that *Thompson* had appropriated to his own use, thirty-seven tons of the timber; and that he declined to deliver to the plaintiff any part of it, alleging as a reason that he had done him an injury, by interfering in that part of the plaintiff's township from which by their agreement, the timber was to be taken. That the plain-

tiff consented to a reference of their differences, upon the execution of the bond in question. By the condition, *Thompson* was to abide the award, was to deliver the balance of the timber, being eighty-four tons and eleven feet, also thirty-seven tons of pine timber, or such part thereof as the referees might award.

They gave the parties a hearing, and awarded that *Thompson* should forthwith deliver to the plaintiff at *Calais*, according to the contract, every ton of timber by him cut and made on the plaintiff's township the preceding winter. As this was to be forthwith delivered, they must be understood to mean such only as he had been able to get down. This was one hundred and twenty-two tons; and as he was to deliver every ton, their award embraced both the thirty-seven tons, and the eighty-four tons and eleven feet, mentioned in the condition. This then is covered by the condition, and it is all that was awarded. The plaintiff was thereupon to pay *Thompson* for the cutting, hewing and driving the timber, according to the contract.

And they required the plaintiff to pay *Thompson* an additional sum beyond the contract of fifty cents, for each ton of timber delivered to him. They designed this probably as an equivalent, for any injury the plaintiff might have done him, by his alleged interference. And if so, it is an award, upon one of the points in difference between the parties. But if unauthorized, being in the defendants' favor, it affords no ground of objection on their part. Having decided upon what was in difference between the parties, they leave the timber, not got down that season, to the provisions of the contract. Thus explained and understood, in connection with the parol proof, the award is certain to a common intent, it follows the agreement and the submission, or if it departs from either, it does so for the benefit of the defendants; and when carried into effect, it will put an end to the difference between the parties. We do not sustain therefore the objections taken by the defendants' counsel; the nonsuit is accordingly set aside, and the action is to stand for trial. If the parties do not adjust it, for every ton of timber, proved to have been cut and got down by *Thompson* from the plaintiff's township, and not delivered, not exceeding the two quantities stated in the condition of the bond, the plaintiff is entitled to be allowed the fair value, de-

ducting from the whole what may be due to *Thompson* for his services, according to the award of the referees.