Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit in the circuit court of Panola, to recover money due to the sinking fund. The first point presented arises out of a plea of the statute of limitations, to which there was a demurrer, on the ground that the state is the real plaintiff. It was decided by this court in Parmilee v. McNutt, 1 S. & M. 179, that the statute cannot be set up as a bar to an action by the state. It has also been decided that the sinking fund belongs to the state exclusively, and that an indebtedness' to the fund is in truth a debt to the state. Young, Commissioner, v. Hughes, 12 S. & M. 106; The State v. Dickinson, Ib. *598 583. It is a legitimate consequence, that this action is not barred.
Another question grows out of a plea of payment of $100, part of the debt demanded, to the auditor of public accounts, and an accord and satisfaction to him of the balance of said debt. To this plea also there was a demurrer.
•The sinking fund was originally under “ the management of the auditor, and of the president and cashier of the Planters’ Bank.” Hutch. Code, 311. The point presented by the plea is, whether a payment to one of the three managers, and a compromise with him, are Valid and binding upon the state,, without the knowledge or consent of either of the others.
In reference to joint powers, or joint trusts, some regard is due to their nature and character. The act of one co-executor is binding upon all, and- upon the estate which he represents. Bodley v. McKinney, 9 S. & M. 357.
As a general rule, -co-trustees cannot act separately, but they must all join in receipts for money payable to them in respect of their office. Hill on Trustees, 305. This is likewise the rule in regard to joint agencies. Story, Agen. 45. But there is this distinction, that if an authority delegated to several persons, be a private confidence, all must join; but if it was conferred for public purposes, it may be executed by a majority only. Comyn, Dig. Attorney, C. 11; Green v. Miller, 6 Johns. 41; Co. Lit. 181 b.
In this case the trust; created by statute, was to three persons. It was, however, in some degree for public purposes. We should incline, therefore, to the opinion, 'that the arrangemént made in this case, and set forth in the plea, to be valid, must have received the sanction of at least a majority of the trustees. The act of one would not be binding, unless it were sanctioned by a, majority. The decision of the court below, sustaining the demurrer to the plea, was therefore correct.
The same reason justified, the exclusion of the receipt from the jury, as testimony.
The judgment is affirmed.