HAYES, *Administrator, versus* FORSKOLL.

In a submission, by parties who had been co-partners, of all demands of every description, whether arising out of their business as partners or out of any other transactions, it does not belong to the referees to adjudicate upon the property belonging to the firm, or the debts due from the firm.

The interest, which the members of the company have in such matters, is not a demand by one of them, against the other.

Upon the party, who alleges that some of the matters in controversy, have not been decided, rests the burden of proving that such matters were made known to the referees, and that they were not decided.

ERROR to the District Court.

The original parties had been co-partners in business. The company affairs had not been fully settled. Some disagreement having arisen, they entered into a submission, under the statute, referring "all demands of every name and description, whether arising out of their business as partners, since the year 1816, or out of any other transactions between them."

The referees made an award in favor of Forskoll, stating, as a part of their award, that they had not taken into consideration the stock, tools and other property belonging to the late firm, nor the debts due to or from the firm, but had left the company property and debts to be adjusted and divided between the parties at a future time.

The award was accepted and judgment rendered thereon.

This process is brought to reverse that judgment for error in law, upon the following assignment of causes.

1. In the award, existing demands and subjects of controversy, which were submitted by the parties, and made known to the referees at the hearing, are expressly omitted and left undecided.

2. The referees did not determine upon all matters and demands submitted, but expressly left some of the matters and demands, to be adjusted between the parties thereafter.

*Hayes*, for plaintiff in error.

An award must accord to the submission, and comprehend every thing submitted. The phrase, "all demands," is the

statute formula for all controversies. It extends to every matter which either party has a right to exact from the other. *Knight* v. *Burton*, 6 Mod. 5th ed. 232 and 340 ; *Byers* v. *VanDeusen*, 5 Wend. 268 ; 15 Johns. 199.

Submissions are to be expounded according to the intent of the parties. *Gordon* v. *Tucker*, 6 Greenl. 247.

The language is sufficiently broad to require an adjustment and division of the partnership property and liabilities. 7 Mass. 416 ; *Green* v. *Waring*, 2 Wm. Blackstone, 475 ; 5 Wend. 268. It expressly embraced all matters arising out of their partnership business. This indicates the intent of the parties, that the partnership affairs should all be settled by the referees. The interest of parties in partnership property may often be a subject of controversy between them. Collyer on Partnership, 1834, b. 2, § 2, p. 82.

The very exception, stated in the award, shows that the excepted matters were in dispute and were known by the referees to be so. The excepted matters were so connected with those adjudicated upon, that great injustice was done by the omission to include them.

No one partner has any right or share in partnership property, except in the *residuum*, after all debts and liabilities of the firm have been discharged. Each partner has a right to have partnership property, including balances due to the firm from any of the members, applied to the due discharge and payment of all such debts and liabilities, before any one of the partners can have any right or title thereto. *Douglass* v. *Winslow*, 20 Maine, 29 ; Story on Partnership, 1841, p. 135, 136, and note.

One partner cannot maintain an action at law against his copartner, for any claim or demand on account of the partnership, except to recover a final balance of a partnership account ; and when the judgment will be an entire termination of the partnership transactions, so that no further cause of action can grow out of them. Collyer on Partnership, Am. Ed. 1834, b. 2, chap. 3, § 2, p. 143 ; Story on Partnership, 1841, p.

319—325; *Fanning* v. *Chadwick*, 3 Pick. 420; *Haskell* v. *Adams*, 7 Pick. 59; *Williams* v. *Henshaw*, 11 Pick. 79.

Partners can enforce demands against co-partners, originating on partnership account, only by application to a court of equity, upon a bill filed for an account. Collyer on Partnership, 1834, b. 2, chap. 3, § 2, p. 143, *et seq.*; Story on Partnership, p. 326; Revised Statutes, chap. 96, § 10, p. 396.

In taking partnership accounts, in a court of equity, it is mainly to be considered what was the value of the joint property, and what the amount of the joint debts at the time of the dissolution, &c. Collyer on Partnership, 1834, b. 2, chap. 3, § 4, p. 171, 172.

In this case, the referees did not even consider what courts of equity say are "mainly to be considered," in taking partnership accounts, to wit:—partnership property and debts. *Bean* v. *Farnam & al.* 6 Pick. 269.

If it be objected, that this was a submission under the statute, and that the referees had no authority to adjust and divide partnership property and debts, but only to award the recovery of money, I reply,—

1st. That the referees were bound to follow the submission, and they had no right, in order to make a valid statute award, on which a judgment could be rendered, to select and separate from the matters submitted, such as would authorize, if considered alone, an award for the payment of money, and to omit other matters intimately connected with those decided. Notwithstanding this was in form a statute submission, the referees should have awarded upon all the matters submitted, and although, by a possibility, their award might not have been a good statute award, upon which a valid judgment could be rendered and an execution issued, it might still have been binding upon the parties.

2ndly. That the submission in this case, although in form under the statute, did authorize the division and adjustment, by the referees, of the partnership property and debts.

It has been held that, where all matters in difference between partners are referred to arbitrators, they may even

award a dissolution of the partnership.  *Green* v. *Waring*, 1 Wm. Blackstone, 475.

*Eastman,* for the defendant in error.

SHEPLEY, C. J. — The judgment presented by this writ of error was rendered upon a report of referees acting under a submission in the form prescribed by statute, c. 138, which states, that the parties "have agreed to submit all demands of every name and description, whether arising out of their business as partners under the firm of Buckminster & Forskoll, since June, 1816, or out of any other transactions between them." The report states, that the referees "do award and determine in relation to all the matters submitted to us as aforesaid;" and that "we have not taken into consideration the stock, tools and other property, belonging to the late firm of Buckminster & Forskoll, nor the debts due from other persons to the said late firm, nor the debts due from the said late firm, to other persons; but we leave the said partnership stock, tools, property and outstanding demands and debts, to be adjusted and divided between them hereafter."

One of the partners might have collected debts due to the partnership and have appropriated the money to his own use, without making any charge of it against himself on the books of the partnership. Or he might have disposed of the property, or have used the funds of the partnership for his private purposes, without making any such charge. Or he might have created debts against the partnership for like purposes. In these or in other modes one of the partners might have had causes of complaint against the other partner, "arising out of their business as partners," and these would have been embraced by the submission. The referees would not have been authorized to make a division or other disposition of the property or of the debts due to the partnership; or to have determined in what manner the debts due from it should be paid. Under a submission of "all their unsettled accounts," it has been decided, that referees would not be authorized to make an award upon such matters. *Shearer* v. *Handy,* 22

Haynes *v.* Forskoll.

Pick. 417. The terms of the submission in the present case are more comprehensive, but are not suited to present a case differing in principle.

The one, who alleges, that all matters in controversy have not been decided, must make it appear, that such matters were made known to the referees, and that they have not been decided. The presumption of law is, that there were no demands, claims or controversies arising out of their partnership business, which have not been decided. *Karthaus* v. *Ferrer*, 1 Peters, 222. It does not appear, that all matters submitted were not determined, unless it can be ascertained from the statement of what the referees have not considered or determined; and that does not show, that any matters in controversy, existing and embraced in the submission, were not determined.

The argument showing, that controversies might be expected to have arisen, fails to show, that any had then arisen. The adjustment of the concerns of the partnership, the disposal of its property, the payment and collection of its debts, might or might not occasion them. This, however, would furnish no proof, that they had arisen, and had been made known to the referees, and that they remained undecided. Nor does it appear, that any matters not submitted, were embraced in the award.

The matters not considered, not being embraced by the submission, and there not appearing to have been any existing controversies made known to the referees, and not determined, the record does not exhibit any error of judgment.

*Judgment affirmed.*