Only two of the three arbitrators chosen met and heard the proofs and allegations of the parties. The third had due notice of the time and place of hearing, and appeared there, but declined publicly to take any part whatever in the proceedings, and did not remain or act during the trial. The award was afterward made by the two, before whom the matters submitted were heard. The question to be determined is, whether the award thus made is valid, and can be enforced by action.
The submission was to three arbitrators, with a provision that the award should be in writing signed by the three, "or any two of them," and ready for delivery by a certain day fixed. *Page 293 
There can be no doubt that at common law, before the revised statutes, under such a submission, two arbitrators might lawfully meet and hear the proofs and allegations of the parties, where the third had notice and refused to attend and take part in the proceedings; and that an award made by the two who heard the matters submitted, under such circumstances, was a valid and binding award. This was settled in England at an early day, and upon full deliberation. (Goodman v. Sayres, 2 Jac. Walk. 261; Delling v. Matchett, Willis, 215; S.C. Barnes, 57;Sallows v. Girling, Cro. Jac. 278; Watson on Arbitration, 115; Kyd on Awards, 106-7; Green v. Miller, 6 Johns. 39;Crofoot v. Allen, 2 Wend. 495.) It was held that by the latter clause of the submission the entire authority was disjoined, so as to make it a submission to the lesser number to hear, as well as to determine. This is still the rule of law in this state, unless it has been changed by the revised statutes. By the statute (2 R.S. 542, § 7), it is provided that "all the arbitrators must meet together, and hear all the proofs and allegations of the parties; but an award by a majority of them shall be valid, unless the concurrence of all the arbitrators be expressly required in the submission."
It is claimed, in behalf of the plaintiff, that this provision of the statute has reference to arbitrations where the submission provides for a judgment in some court, to be entered upon the award, and no others, and that all the provisions of title 14 of the statute above referred to relate exclusively to such arbitrations, and do not control or affect in any manner arbitrations in which no such clause is inserted. All other arbitrations, it is contended, are still governed, in all respects, by the rules of the common law. I cannot concur in this view, nor is there any authority to sustain it. Many of the sections in the title, doubtless, do relate exclusively to arbitrations in which the submission provides for the entering up of a judgment on the award. Those especially which provide for confirming, vacating, modifying, *Page 294 
or correcting the award, entering judgment thereon, reviewing and enforcing the judgment, and the like. But it is entirely clear, I think, that most of the other provisions of the title were designed and intended to regulate and control, by uniform and definite rules, all arbitrations upon written submissions in this state. This, I think, plainly appears upon the face of the statute. It is entitled "Of arbitrations," without qualification. The first section then goes on to provide that all persons, with certain specified exceptions, may, by an instrument in writing, submit to the decision of one or more arbitrators any controversy existing between them, which might be the subject of an action at law, or of a suit in equity, except as in the act is otherwise provided." The section then goes on to provide that the parties "may, in such submission, agree that a judgment of any court of law, and of record, to be designated in such instrument, shall be rendered upon the award made pursuant to such submission."
It is quite obvious that it was the design of the framers of the statute to leave it entirely optional with the parties to insert in the written submission provided for, the agreement for the entry of a judgment upon the award, or not, as they might elect. Provisions are made for carrying such an agreement into effect where it should be inserted in the submission; but it by no means follows, nor is there any thing to show that the other provisions of the statute do not apply where there is no such agreement in the written submission. If it is in writing it comes within such provisions of the statute as are applicable to the particular submission agreed upon.
The second section absolutely prohibits a submission respecting the claim of any person to any estate in fee or for life to any real estate. The language is: "No such submission shall be made." This undoubtedly refers to the submission in writing, provided for in the first section, whether it contains the provision for the entry of judgment *Page 295 
or not. At least it may be safely affirmed that such has been the general understanding of the courts, and the profession as to the force and effect of this section, and this court has so regarded it. Olcott v. Wood, (14 N.Y. Rep. 32,) was a case where the written submission contained no agreement for the entry of a judgment upon the award, and yet the case turned entirely upon the question whether the claim submitted came within the prohibition of this section of the statute. No one pretended that the statute did not apply, if the submission was of a forbidden claim. Indeed, we have only to look into the notes of the revisers on this subject to become entirely satisfied that this prohibition was intended to extend to all written submissions to arbitrators, upon grounds of public policy. If it be conceded, as I think it must be, that the second section applies to written submissions generally, no good reason can be shown why other sections containing general provisions do not. The plain inference is that they were intended so to apply, as there is nothing to indicate a contrary intention. It was expressly held by the chancellor, in Bloomer v. Sherman (5 Paige, 575), that the last three sections of the title were applicable to arbitrations on written submissions generally. The vice-chancellor, in that case, had decided the same way, and I think they were entirely correct. Nothing to the contrary of this has been any where decided. All that was decided by the late court for the correction of errors, in Wells v. Lain (15 Wend. 99), was that the statute had not abolished parol submissions of matters in difference, to arbitrators, and that awards in pursuance of such submissions were still valid as at common law. To the same effect is Diedrick v. Richley (2 Hill, 271). Crofoot v. Allen (2 Wend. 495), was an action upon an award made before the revised statutes. There are several cases in the reports, which are cited by the defendant's counsel, in which it has been assumed by the court, that the general provisions of the statute were applicable to, and controlled, *Page 296 
the proceedings before arbitrators generally, when acting under written submissions, but as the point was not raised in any of them, I do not regard them as of any considerable weight as authority. I entertain no doubt whatever that such was the design and purpose of the statute, and am clearly of the opinion that the seventh section has changed the rule of the common law in regard to the meeting and hearing of the proofs and allegations of the parties, by all the arbitrators chosen in and by the written submission. The intention to work this change clearly appears in the note of the revisers upon this section. Reference is there made to the case in 11 Johns. 402, in which the rule is laid down in reference to a trial before referees, that they must all meet and hear the evidence; and also to the case in 6 Johns. 39, in which the rule is stated in reference to the hearing before arbitrators, and after remarking upon the difference, the revisers add, "yet the same principle should apply to this case."
If I am right in this, it follows that the hearing, not having been according to the statute, and not sanctioned by the defendant, the award is a mere nullity and can not be enforced. No action will lie upon it, and the plaintiff should have been non-suited, or a verdict ordered for the defendant. The judgment should, therefore, be reversed, and a new trial ordered, with costs to abide event.
All the judges concurring, judgment reversed. *Page 297