## Case No. 10,276.

The NINEVEH.

[1 Lowell, 400.] [1]

Circuit Court, D. Massachusetts. 1869.

ARBITRATION AND AWARD — COLLISION CASES — SUBMISSION — DAMAGES — AWARD BY TWO OF THREE REFEREES — AGREEMENT TO REFER BEFORE ANSWER FILED.

1. A submission to three referees does not authorize an award by two only.

2. An award in a case of collision which decides the liability, but not the damages, is not valid, because not final.

3. Where such an award had been rendered under a rule to three arbitrators, and one of the three refused to act further, the award and rule were set aside.

4. Where an agreement to refer was made before answer filed, the claimant should have leave to answer without terms, after the rule is set aside. An answer was not necessary while the case was before the arbitrators, unless ordered by them.

This was a cause of collision by the master of the Aurora against the Nineveh for damage received in Massachusetts Bay. The libel was filed March 20, 1868, and a claim was duly filed and the vessel released on bail. On the twenty-fifth of March, before answer filed, the parties agreed to refer the cause to three arbitrators, and a rule of court was taken out the next day which followed ex-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

actly the stipulation of the parties, and referred the cause to the three without express power to the majority to decide the dispute if the whole should be unable to agree. The arbitrators met and heard the parties, and signed an award that all damages, costs, and expenses should be divided, and be paid by the owners of the two vessels equally, and that in case they should not agree on the amount, the claims should be submitted to the referees who would pass upon and establish the same by a supplementary award. The parties could not agree upon the damages and one of the referees refusing to act further, the two who remained proceeded to assess the damages, but made no award, and asked the instructions of the court in the premises. The libellants now moved that the award, so far as made, may be accepted, and the case be recommitted to the two to find the damages. And the claimants moved to have the award and rule set aside, and that they have leave to file their answer and proceed as usual.

F. C. Loring, for libellants.
J. C. Dodge, for claimants.

LOWELL, District Judge. It is well settled that a submission to three, without more, does not authorize an award by two only. Towne v. Jaquith, 6 Mass. 46; Green v. Miller, 6 Johns. 39; Dalling v. Matchett, Willes, 215. It makes no difference in this respect that the submission is made a rule of court, because the rule is founded upon and must strictly follow the agreement of the parties. It follows that I cannot recommit the report for further action by the remaining arbitrators.

It is equally clear that the award which has been made cannot be accepted. It does not decide the rights of the parties, but is in its nature and on its face a mere preliminary finding,—what we should call an interlocutory decree,—and amounts only to an order or direction to the parties to do certain acts and prepare certain evidence before the next hearing. In legal language, it is not final. The question of damages forms an essential part of the submission, and both parties are entitled to the judgment of their chosen tribunal upon it, as much so as upon the preliminary point of the responsibility of the respective parties.

For these reasons I must order that the rule of reference be vacated, and that the claimants file their answer within a reasonable time. The objection that they ought to have answered sooner cannot prevail, because the agreement to refer, which was filed very early in the case, took away the necessity for an answer, and left the referees to be the judges of what should be required in the way of pleadings, and it is not until the rule is set aside that an answer is needed or could properly have been received. It must of course, be filed without terms. Order accordingly.