NICHOLAS LORENZO, EXECUTOR, ETC., OF PETER McNIFF, DECEASED, PLAINTIFF, *v.* PATRICK DEERY AND ELLIS W. DUDLEY, EXECUTORS, ETC., OF OWEN HEALY, DECEASED, DEFENDANTS.

*Award — when all the arbitrators must agree — Code of Civil Procedure, secs. 2366, 2371, only applicable to submissions made as required by that act.*

Since the passage of the Code of Civil Procedure there is no statute in force which empowers a *majority* of the arbitrators appointed by private persons to make a valid award, unless the submission is in writing, subscribed by the parties and duly acknowledged, or proved and certified as a deed is required to be for the purpose of being recorded.

A lease provided positively for two renewals of twenty-one years each at a rent to be agreed upon by the parties. In case they could not agree each was to choose a person to determine the rent, and if they disagreed an umpire was to be chosen by them whose decision was to be final and conclusive. If the lessor refused to grant a third renewal he was to pay to the lessee the value of the buildings to be erected; "which valuation shall be ascertained by three disinterested persons on oath to be chosen as aforesaid."

The lease was not acknowledged or proved or certified as a deed is required to be for the purpose of being recorded.

*Held,* that the three persons must agree upon the valuation, and that the parties were not bound by an award made by two of them.

CASE submitted upon an agreed statement of facts without an action.

The question submitted related to the validity of a valuation made by two out of three persons appointed by the parties in pursuance of the terms of a lease made in 1818. The appointment of the appraisers was in writing, signed by the parties to this action, but was not acknowledged, proved or certified in like manner as a deed entitled to be recorded. The lease provided, among other things, "that at the expiration of the term aforesaid the said party of the first part, his executors, administrators or assigns, shall and will grant and execute unto the said party of the second part, his executors, administrators or assigns, a renewal of this lease for the further term of twenty-one years thence ensuing at such annual rent as shall be agreed upon by the said parties, their executors, administrators or assigns, respectively, in quarterly payments; but in the event of their not agreeing upon such rent each party shall choose a disinterested person to ascertain the same, and they shall, in making their award or determination in the said premises, be governed by the rents of other lots of land in the neighborhood most recently leased at that time.

" If the arbitrators should differ they shall choose an umpire, whose decision shall be final and conclusive on all parties.

\*              \*              \*              \*              \*

"And it is further mutually covenanted and agreed by and between the parties aforesaid that at the expiration of the term to be granted by the second renewal of this lease as aforesaid the said party of the first part, his executors, administrators or assigns, shall have the liberty either to grant a third renewal of this lease for the further term of twenty-one years, thence next ensuing, at such annual rent, payable quarterly, as shall be ascertained and determined in the manner aforesaid, or to pay unto the said party of the second part, his executors, administrators or assigns, the value of the said brick dwelling-house to be built and erected as aforesaid; which valuation shall be ascertained by three disinterested persons on oath, to be chosen as aforesaid."

*John H. Harnett,* for the plaintiff.

*R. H. Cudlipp,* for the defendants.

DANIELS, J.:

The controversy which has arisen between these parties relates to the construction which should be placed upon so much of a lease as provided for the valuation of and payment for a brick dwelling built by the tenant upon the leasehold premises.

The lease was made in the year 1818, and it provided positively for two renewals for terms of twenty-one years each. At the expiration of the last renewal the lessor was at liberty either to grant a third for a similar period or to pay to the tenant, his executors, administrators or assigns, the value of the brick dwelling to be built and erected upon the premises. And this valuation it was agreed should be ascertained on oath by three disinterested persons to be chosen in the manner provided for in the lease. The owner of the property at the expiration of the second renewal elected not to give a third, but to pay to the tenant the value of the dwelling. To ascertain that value two persons were selected by the parties with authority to appoint a third, and they did appoint the third person to act with them. They each took the proper oath and appraised the property. One of the persons selected by the parties, and the third selected by the other two, agreed upon a valuation of the building, while the other disagreed with their valuation, and valued the building himself at a much larger amount. The point presented by this portion of the controversy is, whether the appraisement of these two persons is binding upon the parties. The lease itself contains no express or clearly implied provision upon this subject. It did, however, provide that the rent for each period of renewal, if the parties themselves failed to agree upon it, should be ascertained by two persons, one of whom should be chosen by each of the parties, and in case they should differ, that they themselves should chose an umpire whose decision should be final and conclusive as to the amount. But in the phraseology selected for the expression of the intention of the parties, relating to the selection of the persons to value the building, this alternative provision was not included or applied, and the circumstance that they omitted it is an indication that they intended the valuation which should be binding upon them, to be one in which the three persons selected should agree upon its amount.

The language which they made use of imports such an intention

on their part. For they in terms declared that the valuation should be ascertained by three disinterested persons, and made no reference whatever, to the preceding provisions of the lease, which in any manner might otherwise be invoked to qualify the effects of this phraseology. They did refer to those provisions, but only so far as to indicate how the three disinterested persons were to be chosen, and by force of that reference two were to be selected by themselves and the third by those two, as the selections were in fact actually made.

The terms of the submission which was in writing subscribed by the parties are of the same import. For it is provided in it that the third person to be selected should, with the two chosen by the parties, ascertain the value of the building as provided in the lease. As the parties had provided for the binding effect of an award made by two upon the amount of the rent for each of the periods of renewal, and entirely failed to make such a provision relative to the action of the persons selected to make the valuation of the building, the inference arises that they did not intend to be bound upon that subject unless the three persons agreed as to the amount. And this inference supports the construction which the terms employed in the lease appear to require for the purpose of ascertaining the design of the parties.

A proceeding and submission of this nature has been held to be an arbitration. (*Van Cortlandt* v. *Underhill*, 17 John., 405.) And such undoubtedly is its legal character. When it relates, as this did, to a matter exclusively of private interest, it has been further held that the persons to whose determination it may be submitted, must all unite in their award to render it legally binding, when no different disposition has been agreed upon by the parties. (*Green* v. *Miller*, 6 John., 39.)

Certainly no agreement was made by these parties binding them to accept a valuation made by only two of the three persons selected to ascertain the value of the building, and the fact that the three failed to agree, rendered the determination of the two invalid, under the effect of this authority.

As the submission in this case was in writing subscribed by the parties, the award of two of the three persons would have been obligatory upon the parties, under the provisions contained in the

Revised Statutes, if they had been at the time in force, for the reason that the concurrence of all had not been expressly required in the submission. (3 R. S. [6th ed.], 856, § 7; *Bulson* v. *Lohnes*, 29 N. Y., 291; *Locke* v. *Filley*, 14 Hun, 139.) But by the provisions of the Code of Civil Procedure which took effect on the 1st of September, 1880, this provision of the Revised Statutes underwent a material change, rendering it inapplicable to this proceeding. For while it was still provided that an award by a majority of the abitrators should be valid where the concurrence of all is not expressly required, that provision has been restricted to the action of arbitrators selected only as it was then provided they should be chosen. For that purpose a mere submission by a written agreement was no longer sufficient to invest a majority of the arbitrators with this authority. But the only legal mode in which it could be made with that effect, was by an instrument in writing duly acknowledged, or proved and certified, in like manner as a deed, entitled to be recorded. (Code of Civil Pro., §§ 2366, 2371.) The parties in this case failed to comply with this formality. For their agreement of submission was neither acknowledged, proved or certified, in the manner in which it was required it should be for the purpose of subjecting it to the provisions of the present Code. It was simply subscribed by the parties without being proved or certified in any manner whatever. And as it was made after these provisions of the Code went into effect, they are not applicable to the case, and consequently did not empower a majority of the arbitrators to make a binding award. That it was intended to restrict the provisions made upon this subject, to arbitrators selected in the manner prescribed in the title containing the provision allowing a majority to make an award, is clearly expressed in the section itself, for it is only arbitrators selected in that manner whose conduct and proceedings are regulated by the provisions contained in the section. This is rendered still further evident from the general provision contained in section 2386 of this Code, by which it has been declared that the title containing the sections and provisions already referred to, does not affect a submission made otherwise than as prescribed therein.

The consequence of these changes in the law is, that there is no statutory provision now, empowering a majority of the arbitrators

to make a valid award unless the submission itself is duly acknowledged or proved and certified as a deed is required to be for the purpose of being recorded, in addition to the fact that it shall be in writing and subscribed by the parties. And as this submission was not within the provisions made by the Code, because of the fact that it was neither acknowledged, proved or certified, the authority of the persons selected to act under it was governed entirely by the principle of the common law. And as that was defined in *Green* v. *Miller* (*supra*), and the authorities referred to in the opinion, the three persons selected to act in this instance were required to concur in their conclusion to render their valuation binding upon the parties.

Another inquiry has been presented by the case agreed upon, but that relates entirely to the obligations of the tenants after a binding valuation of the building has been made, and as that failed because of the inability of the three appraisers to agree upon the amount, it cannot be necessary either to examine or determine this inquiry. The failure of the arbitration necessarily disposes of the case and requires further appraisers to be selected and a proper valuation to be made by them, before any additional consideration will be necessary to settle the dispute which has arisen between these parties. Judgment must therefore be awarded in favor of the defendants upon the case submitted to the court.

Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment ordered for defendants.