Arnoux, J.
About November 1, 1879, the parties hereto, with one Inslee A. Hopper, entered into a partnership, which continued until September 27, 1881, when it was dissolved by the death of said Hopper. In December, 1881, the surviving partners acquired the interest of said Hopper in said partnership and continued the business. After the purchase of Hopper’s interest differences arose between the parties hereto, and on or about December 17, 1881, they entered into an arbitration agreement, which provided that, in case they should not be able within the next ten days to agree upon the terms and provisions of the copartnership agreement, which they were then considering, and intending to enter into, that the arbitrators therein named should fix the amount of tlie interest of plaintiff in said firm, and the amount defendant should pay to plaintiff for the purpose of acquiring such interest, the time and manner of such payment, and the security to be given; the determination and decision of a majority of the arbitrators in writing in respect thereto to be final and conclusive. Until such determination the business was to be carried on and conducted as it then was.
On January 7, 1882, the ' majority of the arbitrators determined that defendant should pay to plaintiff for his interest in said firm the sum of $25,000 after making certain deductions. The sum was to be paid in four equal payments, as follows : 25 per cent, in cash, and three equal notes, of six, twelve and eighteen months, for the balance ; the last two notes to be satisfactorily secured. Defendant was ready to perform within the time specified in the award, and tender was waived. On January 13, 1882, plaintiff informed the defendant that he would not abide by the award. The submission *472 was not acknowledged or proved, and the arbitrators were not sworn, nor was the oath waived in writing. Defendant thereupon took sole possession of the business and excluded plaintiff therefrom. In consequence whereof plaintiff commenced this action.
The fundamental question in this case arises out of the arbitration. If the submission was binding and the award valid, then by the terms of the submission itself the defendant acquired the entire interest of the plaintiff in the firm ; and the defendant being ready and willing to perform the award, the plaintiff has ceased to have any interest whatever in the firm, and the defendant has the right to exclude the plaintiff and commit the acts complained of.
The first question presented on the argument is whether there is such a thing in this State as a common law arbitration which can be enforced by the courts. The court of appeals, in Bulson v. Lohnes (29 N. Y. 291), have, in some respects, decided that question in the negative. In that case two arbitrators of the three appointed, proceeded to hear the proofs, and made an award. The court held that their proceeding was regular under the common law, but void under the statute. Johesoe, J., writing the opinion of the court, says : " It is entirely clear, I think, that most of the other provisions of the title were designed and intended to regulate and control, by uniform and definite rules, all arbitrations, upon written submission, in this State. This, I think, plainly appears upon the face of the statute. It is entitled, ‘ Cf Arbitrations,’ without qualification.” The policy of the law has been to favor arbitrations, which are now encouraged by the courts (Fudickar v. The Guardian Mutual Life Ins. Co., 62 N. Y. 392, affirming 37 Super. Ct. 358). The question came squarely before the court of appeals, in the case of Wood v. Tunnicliff (74 N. Y. 38), where the court expressly decided that the provisions of the Revised *473 Statutes (2 R. S. 89, § 36 et seq.), relating to the reference of disputed claims against the estates of decedents, are not inconsistent with and do not take away or restrict, the common law right of arbitration. If this be so with respect to executors and administrators, it must be so in regard to any individual acting sui juris. This is recognized in the Code, in the beginning of the chapter on arbitration, which enacts that “A submission of a controversy to arbitration cannot be made, either as prescribed in this title or otherwise, in either of the following cases” (§ 2365). •If in this State there could be no other arbitration than under the statute, the words “or otherwise” would be senseless. It is, however, contended that, where the submission is by an instrument in writing, it must be duly acknowledged or proved. The language of § 2366 of the Code is not imperative in terms. It says: “ Two or more persons may, by an instrument in writing, duly acknowledged, etc., submit, etc.” Under the Revised Statutes the language is imperative. , “ Before proceeding to hear any testimony “ the arbitrators shall be sworn, etc.” (2 R. S. Edm. ed. 560, § 4). Yet, in Howard v. Sexton (4 N. Y. 157), the court held that, by the common law, arbitrators could act judicially without being sworn, and that the statute of arbitrations has not changed the law in this respect; that jurisdiction is conferred upon the arbitrators by agreement of the parties, and the omission to take the oath prescribed by the statute does not affect the validity of their proceedings. To the same effect is the decision of the supreme court in Sonneborn v. Lavarello (2 Hun, 201), where the action of a committee of the Hew York Produce Exchange, sitting as arbitrators, was upheld, although they had failed to take the oath prescribed by the statute and by the by-laws of their association. If the imperative language of the statute in regard to oaths can othus be waived, the *474 requirement with respect to the acknowledgment, which is not made a condition precedent, can likewise be waived. It is a mere irregularity.
In Bulson ». Lohnes, supra, the court laid special stress upon the fact that the hearing in that case was not sanctioned by the defendant. But here, as appears by the award, the arbitrators all met together and heard the said parties and their respective allegations and claims, and duly and fairly considered the same. This was a waiver of the irregularity complained of. A more difficult question to dispose of is the objection that the arbitrators were not sworn. As we have seen, this requirement, under the Revised Statutes, could be waived. But the new Code has the further provision that the arbitrators must be sworn ■ unless the oath is waived by written consent (§ 2869). Has this changed the rule heretofore laid down ? Ordinarily arbitrators are laymen and cannot therefore be supposed to be familiar with the provisions of the Code. I am inclined to think that a liberal construction requires the court to hold that this provision can be waived as fully and in the same manner as the other. I further think that it would be detrimental to the administration of justice, where parties had honestly submitted their claims to arbitrators to permit them to escape the consequence of the award by setting aside the proceeding for any irregularity in their course. It makes the whole proceeding a nullity or else a matter of speculation ; that the party may accept the award if it pleases him, or may wait until the determination is made, and reject it if he is dissatisfied. I, therefore, find that whatever irregularities there may have been in the submission and in the action of the arbitrators, are cured by the award ; and that plaintiff, having waited until after a •decision was made, is estopped from claiming that thereby the award is invalid for the reasons assigned.
*475 In the next place, is the award invalid for indefimiteness in the terms of the award itself %
It is always to be presumed that arbitrators have not exceeded their authority, unless the contrary appear on the face of the record, or is appropriately shown (Hayes v. Forstall, 31 Me. 112 ; Richardson v. Huggins, 23 N. H. 106; Lamphire v. Cowan, 39 Vt. 420; Clement v. Comstock, 2 Mich. 359 ; Myer v. Fork and Cumberland R. R. Co., 2 Curtis C. C. 28; Blair v. Wallace, 21 Cal. 317; Morse Arb. 179). It is contended that the provision that the last two notes should be “satisfactorily secured” was void for indefiniteness. The words “ satisfactory indorser ” have a recognized commercial signification. It must be an indorsement satisfactory to the payee, and not to the maker. The payee can not capriciously reject such indorser, but must show good and satisfactory reasons for such rejection. In other words, he must accept an indorser whom he ought to accept. The notes that were prepared under this award were indorsed by the firm of A. A. Low & Co., and counsel for plaintiff upon the argument admitted that no objection could be made to those indorsers.
The case of Becker v. Boon (61 N. Y. 317, 325), cited by the learned counsel for the plaintiff, is not an authority for the position claimed. Nothing of 0 the kind was decided in that case. The counsel quotes from the dissenting opinion, wherein reference is made to some case, not cited, and which citation may be correct and not be decisive in this case, for it may have been, if such a case ever had arisen, that the decision was obtained by one standing in the position of the defendant herein. If the defendant had made objection to the award on the ground that the arbitratofs had exceeded their authority, a serious question would have arisen, for they virtually relegated, to some extent, to the plaintiff the authority which was committed *476 to them; but of this plaintiff has no cause to complain. But the defendant, upon the trial, offered to pay the amount in cash, and consequently no question remains upon that point. As the defendant had no discretion in respect to accepting or rejecting the indorsers, whoever they might be, such power resting with the plaintiff alone, the plaintiff cannot complain of the award. Only the party prejudiced is entitled to object to the award upon that ground (In re Bradshaw, 12 Q. B. 562 ; Davy v. Faw, 7 Cranch, 171; Galvin v. Thompson, 13 Me. 367; Lyman v. Reeves, 5 Pick. 213 ; Tomlinson v. Hammond, 8 Iowa, 40 ; Daniels v. Willis, 7 Minn. 374). Hence it follows that the award is valid and binding upon the plaintiff, the firm theretofore existing is dissolved,, and plaintiff’s only right of action against the defendant is for the amount awarded to him by the arbitrators.
James Armstrong, for appellant.
Dunning, Edsall, Hart & Fowler, for respondent.
The complaint in this action must be dismissed, with costs.
Per Curiam.
The judgment appealed from should be affirmed, on the opinion delivered below, with costs.