Per Curiam.

The parties in this cause, it appears, submitted the matters in controversy between them, to a tribunal of reference, made by themselves, without any stipulation for a review. They are, therefore, concluded by the award, unless the defendants can show, that the referees have been guilty of fraud. It is said, however, that the referees improperly excluded the evidence of a witness offered by the defendants. If this' be so, it *601 was a mere error in judgment; and this court cannot interfere to correct it. The submission or reference was in the nature of an arbitration, and the relicta having been delivered to the plaintiff’s attorney, according to the terms of the submission, he had a perfect right to file it, and enter up judgment. There was no necessity for filing a report, for the relicta stood in the place of it by the consent of the parties, and being signed by the attorney of the defendants, it was conclusive. This motion, therefore, is denied, with costs.
It afterwards appeared, that the plaintiff^ attorney had taxed the costs according to the rules of the Supreme Court, and Mr. Western moved for costs as taxed. He insisted that the plaintiff was entitled to such costs, as the action was upon the replevin bond, which was for a sum exceeding $250. The judgment in such cases, is for the penalty and carries full costs. [Harvey v. Walker and Bardwell, 6 Cowen, R. 57.]
Mr. Pinckney, contra, contended,
That the plaintiff was entitled to Common Pleas costs only, he having accepted a cognovit for a sum less than $250. [He cited 2 Dun. Prac. 734. 1 R. L. of 1813, p. 347. Sec. 21. 1 Caines' R. 66.]
Per Curiam. If this were a case arising under the action for the penalty of the arbitration bond, then if the plaintiff succeeded, he would be entitled to costs, according to.the amount of the penalty, because the judgment would be for the penalty. But here the plaintiff agreed expressly to except a part of the penalty, in full satisfaction of his claim, and has stipulated that his recovery should be for a sum less than two hundred and fifty dollars. He is entitled, therefore, to Common Pleas costs only.
[H. M. Western, Att'y for the plffs. T. C. Pinckney, Att’y for the deft's.]