## Case No. 7,186.

### JAMES et ux. v. THURSTON et al.

[1 Cliff. 367.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1859.

Thomas A. Jenckes, for complainants.
Benjamin. F. Thurston, for respondents.

CLIFFORD, Circuit Justice. This is a bill in equity brought by the complainants against Robert L. Thurston, Henry W. Gardner, and Gideon J. Hicks, copartners under the firm of Thurston, Gardner, and Company. Among other things complainants allege that Henry W. Gardner, acting for the.firm, made a conveyance of one fourth part of all the property of the firm to Alfred R. Fiske, who transferred to him certain stocks of the Grafton Mills, amounting to six thousand dollars, and upon the delivery of the deed of the property the grantee became a member of the firm; that the consideration of the purchase was twenty-three thousand dollars; that the remainder was paid as follows: Charles T. James made, signed, and delivered to the respondents three. promissory notes, antedated as of August 16, 1852. One for six thousand dollars, payable in two years; another for the same amount, payable in three years,— both indorsed by Alfred R. Fiske; and one for five thousand dollars, payable in two years. And the first-named complainant agreed in writing to render services for the firm by using his influence to procure contracts for .the manufacture of machinery; and the firm agreed, upon the completion of each contract and payment for the work done under the same, to credit the complainants with a commission of five per cent, to be applied to the payment of their notes. They also allege that Charles T. James received nothing for the notes; that the agreement was that they were to be held as collateral security for the indebtedness of Alfred R. Fiske, to be paid by him in services to be rendered by him as the head of the mechanical department of the establishment. Fiske continued a member of the firm from the 29th

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

of October, 1852, and was entitled to one fourth part of all the property; but on the 23d of June, 1857, he conveyed to Henry W. Gardner, for the benefit of the concern, all his interest in the property, and withdrew from the firm; that on that day it was agreed in writing that if Fiske or any other person for him should, within five years from that time, pay the amount of his indebtedness as aforesaid, then he, the said Henry W. Gardner, would convey to Phebe Fiske, wife of said Alfred R. Fiske, one fourth part of all the property belonging to the firm; and they aver that both said instruments were executed and delivered without the knowledge of the complainant. Having stated these preliminary facts, they then alleged that the respondents, including said Alfred R. Fiske, commenced a suit against the said James as the maker of the two notes first named, in the supreme court of the state, recovered judgment, and levied the same on certain real estate therein described as the property of the judgment debtor. As alleged, the respondents also commenced a suit on the other note, recovered judgment, and levied the same on certain personal property, as the property of the complainant, but which the complainants aver was the sole and separate property of Lucinda James, the wife of the said Charles T. James. They also allege that on the 31st of December, 1859, Alfred R. Fiske and wife, for a valuable consideration, conveyed to the said Lucinda James all their estate, title, and interest in the property and effects of the before-mentioned firm; that the respondents' have constantly carried on the business, made large profits; and they aver that the share of said Fiske is more than sufficient to pay his indebtedness. Wherefore they pray for an account and for a statement of the affairs of the concern and for redemption.

Respondents appeared and made answer to the suit, and a general replication was filed by the complainants. At the June term, 1860, by agreement of the parties, the cause was referred to Edward A. Dickenson, as sole referee. He made a report on the 7th of October, 1861. Complainants excepted to the report of the referee, for the reason that the same did not decide the whole matter submitted to him, and that it was not certain, final, and conclusive of the whole matter referred.

Looking at the conclusion of the report, it is evident that the objections to it are well taken. Awards are to be liberally construed because they are made by judges of the parties' own choosing; but they must decide the whole matter submitted to the referee, and they must be certain, final, and conclusive of the whole matter referred. Carnochan v. Christie, 11 Wheat. [24 U. S.] 446; Caldw. Arb. (Smith's Ed.) 226. Suffice it to say that the report is clearly deficient in all these particulars; hence it seems unnecessary to pursue the subject. The report, therefore, is set aside, and as neither party asks for a recommitment, the cause must stand for trial in this court.