## Frederick Bush and another v. Edward H. Davis; and Edward H. Davis v. Frederick Bush and another.

*Arbitration: Awards: Construction: Definiteness: Presumptions.* Awards
of arbitrators are to be liberally construed, and require only such degree
of definiteness as is sufficient to uphold a contract; and all presump-
tions are to be made in favor of their validity.

*Awards: Amount: Time: Matter of computation.* An award will not be
deemed void on the ground of failure to find the amount due at its date,
where all the elements are found and set forth so that it is a matter of
the simplest computation to determine the exact amount.

*Awards: Interest: Submission: Intendments.* An award will not be dis-
turbed for allowing interest at ten per cent. unless the record discloses
that the allowance of such interest was beyond the scope of the submis-
sion; every reasonable intendment must be indulged in support of the
award, and it is to be presumed to be within the submission unless the
contrary expressly appears.

*Submitted on briefs April 20.    Decided June 6.*

Error to Kalamazoo Circuit.

BUSH *v.* DAVIS.

*Severens, Boudeman & Turner,* for Bush & Patterson, to the point that in an action at law upon an award nothing *dehors* the award itself can be shown as a defense, not even fraud or corruption of the arbitrators, cited: *Elmender v. Harris, 5 Wend., 516; Efner v. Shaw, 2 Wend., 567; Fidler v. Cooper, 19 Wend., 285; Shoeron v. Wood, 5 Hals., 7; Owen v. Boerum, 23 Barb., 187; Shepard v. Briggs, 28 Vt., 81; Mitchel v. Bush, 7 Cow., 185; Harris v. Social M. Co., 8 R. I., 133; Barlow v. Todd, 3 Johns., 366; De Long v. Stanton, 9 Johns., 38; Morse on Arb., 336–7;* that if the submission be *in pais,* neither corruption, partiality, misbehavior, or mistake can be shown as a defense to an action· upon the award, but the only remedy is by bill in equity to set it aside or correct it, unless the submission be by order of court in a pending suit, in which case application may be made to the court to correct it: *Morse on Arb., 331–2; Elkins v. Page, 45 N. H., 310; Fletcher v. Hubbard, 43 N. H., 58; Hough v. Beard, 8 Blackf., 158;* that arbitrators are the judges of both law and fact, and that even courts of equity will interfere to correct mistakes only in extreme cases, and the most that can be said in this· case is,. that the arbitrators have made a mistake as to the *rate* of interest, and this is no defense to an action at law upon the award: *Morse on Arb., 214; Brown v. Clay, 31 Me., 518; Whitmore v. La Ballisten, 35 Me., 488; Seviller v. Kinney, 32 Me., 464; Tyler v. Dyer, 13 Me., 41; Hull v. Decker, 51 Me., 31; Hazleton v. Smith., 3 Vt., 535; Downer v. Downer, 11 Vt., 395; Ind. Cent. R. R. Co. v. Bradley, 7 Ind., 49; Walker v. Sandben, 8 Greenl., 288;° Johnson v. Noble, 13 N. H., 286; W. M. R. R. Co. v. Bean, 39 N. H., 107; B. W. Co. v. Gray, 6 Mich., 131; Randell v. Le Fleur, 6 Allen, 80; Bigelow v. Newell, 10 Pick., 348; Argus v. Pitford, 11 M. & W., 60; Moore v. Burnett, 17 Ind., 349; Merritt v. Merritt, 11 Ill., 565;* that arbitrators have

BUSH v. DAVIS.

a perfect right to order the payment of a certain sum with interest from a certain date: *Morse on Arb., 185–6, 394, 422; Skeels v. Chickering, 7 Met., 316; McKinsly v. Solomans, 2 Johns., 57; Emery v. Hitchcock, 12 Wend., 156; Russell on Arb. (3d ed.), 240;* and to disregard the strict rules of law and decide what in their judgment is right, just and conscientious in the case: *Morse on Arb., 217; Greenough v. Rolfe, 4 N. H., 357; Johnson v. Noble, 13 N. H., 286;* see also *W. J. R. R. Co. v. Thomas, 21 N. J. Eq., 205; Hazleton v. Smith, 3 Vt., 535; Stevens v. Parson, 5 Vt., 503; Jocelyn v. Donnell, Peck (Tenn.), 274; Bliss v. Rollins, 6 Vt., 529;* and to allow interest to the same extent as parties themselves might contract to pay: *Higgins v. Willis, 3 M. & R., 382; Hopcraft v. Hickman, 2 Sim. & St., 130; Martin v. Mather, 2 Ves. Jr., 15; 1 Stephen's Nisi Prius, 161; Waring v. Cremliff, 2 Ves. Jr., 99; In re Badger, 2 B. & Ald., 703; Edwards v. G. W. R. R. Co., 11 C. B., 648; Hayes v. Miller, 12 Ind., 187.*

*May, Buck & Powers,* for Davis, that a court will set aside an award on account of a mistake in point of law by the arbitrators apparent on the face of the award or disclosed by some other authentic instrument: *Watson on Arb., 278; Willard's Eq. Jur., 77;* that an award must stand or fall by its own intrinsic correctness, tested by legal principles: *Kline v. Katara, 2 Gallison, 61; Chance v. Westman, 13 East, 357; Williams v. Craig, 1 Dallas, 119; Kyd on Awards, 251; Terrance v. Amsden, 3 McLean, 509; Muldron v. Norris, 2 Cal., 74; Caldwell on Arb., 121 et seq.;* and is analogous to a judgment or the verdict of a jury: *Bovier's Law Dic.; Watson on Arb., 284;* that this award does not follow the submission, in that it does not find the balance now due, but merely one that was due in October, 1869; and that it is clearly defective and outside the submission in its

allowance of interest, this being an independent question not submitted to the arbitrators nor brought before them by the parties: *Butler v. Mayor, etc., 7 Hill, 330; 15 N. H., 535; Matter of Williams, 4 Denio, 194; 5 Littell, 32;* that no interest being allowable above seven per cent., except by agreement of the parties *(Comp. L. 1871, § 1632)*, the finding of interest at ten per cent. is fatal; that this clause of the award is not separable or divisible, but must stand or fall together, and cannot be construed into a finding of lawful interest and so sustained: *Whitaker v. Whitaker, 49 N. H., 176; Harris v. Manf. Co., 9 R. I., 99; 11 Am., 224; Caldwell on Arb., 121; Watson on Arb., 241.*

GRAVES, J :

These parties agreed to arbitrate and mutually gave bonds on the 28th of January, 1874, to observe and perform the expected award.

The transactions submitted must be gathered from the recitals and conditions of these bonds. They are not otherwise described, and since both of these instruments set out the same matter by way of recital and conditions, so far as they serve to explain what was agreed to be submitted, it is not material for our present purpose which bond is quoted from.

The recital and condition in the bond made by Davis read as follows: "Whereas a suit has been in litigation between the bounden E. H. Davis and said Bush & Patterson, in which suit it has been claimed by said Bush & Patterson that a certain amount, being a balance of account, was due them from the above bounden E. H. Davis on a contract according to plans and specifications and for extra material and labor furnished on the construction of the International hotel building, so called, in said village of Kalamazoo. Now, therefore, the condition of this obligation is such that if the said bounden E. H. Davis shall abide

31 MICH.—25.

by, perform and keep the award of Elijah O. Humphrey, David B. Merrill and Thomas S. Cobb, arbitrators mutually chosen and agreed upon to award and determine concerning the matters in dispute, including the adjustment of all unsettled costs resulting from suit or suits heretofore had between the said Davis and the said Bush & Patterson, then this obligation shall be void. It being understood that the matters in dispute shall be stated to said arbitrators by said Davis and said Bush & Patterson personally, under oath, upon receiving notice from said arbitrators, and without counsel; and it is further agreed that the evidence, or any part thereof, as taken in a suit between the parties in the circuit court of Kalamazoo county in 1872, may be submitted by either or both of said parties to said arbitrators, who shall decide on the points in controversy between the parties, and shall make their award in writing to said Davis and said Bush & Patterson, on or before the 10th day of February, A. D. 1874."

The arbitrators proceeded to a hearing on the basis of the submission here described, and on the 9th of February made and published their award.

Davis refused to perform it, and Bush & Patterson sued him to recover the amount awarded.

The action was tried before the court without a jury on a statement of facts set forth in a stipulation, and a recovery was allowed for the sum awarded, excepting, however, certain interest, which the court regarded as unwarranted and refused to include. Both parties excepted, and both have brought error. The arbitrators found by their award that there was due from Davis to Bush & Patterson the sum of four thousand one hundred and sixty-seven dollars and fifty-three cents on the 15th day of October, 1869, and awarded payment of it on or before March 1, 1874, with interest at the rate of ten per cent. per annum from the 15th of October, 1869, until payment. The stipulation which set out the facts for the court below, among other things, stated "that nothing was said by either of the parties before the

arbitrators touching the rate of interest proper to be computed upon any claim in favor of the parties, and nothing was said or agreed by either party to extend the scope of the submission;" and it stated in conclusion, "that it is intended by this stipulation to submit to the court the question whether the award of said arbitrators was within the authority of said arbitration bonds and submission, and a final and certain award upon the questions submitted to them, and such judgment is to be entered hereon as the law requires upon the foregoing facts."

On the part of Davis it is urged that the arbitrators were required to find what was the balance due at the date of the award, and that the finding was defective and uncertain in this respect, inasmuch as it determined the amount due in October, 1869, and not at the time when the award was made. It is also maintained on his part, that in awarding interest the arbitrators exceeded their powers, and that the whole award is therefore bad. For Bush and Patterson it is insisted that these positions are respectively untenable, and not only so, but on the contrary, that the award was entirely good for the sum specified and the interest at ten per cent. These opposing views explain the objections on each side to the judgment of the circuit court.

As previously noticed, that court adopted a middle course and held the award good for the four thousand one hundred and sixty-seven dollars and fifty-three cents and the back interest at seven per cent., and bad for the additional back interest of three per cent.

The submission barely described the subjects to be arbitrated, by reference to them in general terms, and without setting forth their contents or provisions, and for certainty and distinctness it depended chiefly upon the showing and explanations to be made by the very matters to be acted on.

For example, the submission referred in the most general manner to a claim upon a named contract, but gave no information in regard to the shape and stipulations of that contract. The submission went far enough to identify the

contract, but not far enough to show its provisions. When, the arbitrators proceeded to act under the submission, they were enlightened on this subject by the very matters to be acted on. What was contemplated as needful to particularize the submission and fix and distinguish the line of judgment and its limits, was placed in their hands. The contract itself, and all other matters reached and embraced by the agreement to arbitrate, were before them. Such was not the case in the circuit court, and it is not the case here. That court had to deal with the submission and award without aid from the transactions which were laid before the arbitrators, and this court in proceeding to review the judgment of the circuit court is in no better position. The case must depend upon the submission and award, and the award must be examined as a whole, and fairly construed according to the principles which now govern arbitration findings.

No critical discussion is necessary. An application of settled rules is enough to show that the first ground of objection raised by Davis has no force.

Granting, but not deciding one way or the other, that it was essential the finding should show the amount due at the date of the award, and still there is no serious difficulty. The elements are all found and set forth to enable any body to ascertain by the simplest calculation the exact amount due at the date of the award and without departing in the least from its scheme or principle. All that is required at the present day in such cases is certainty to a common intent, and that exists here. If an award is sufficiently definite to be obligatory as a contract it is sufficiently so as an award.—*Clement v. Comstock, 2 Mich., 359; Purdy v. Delavan, 1 Caines R., 304; Akely v. Akely, 16 Vt., 450; Perkins v. Giles, 50 N. Y., 228.* It is wisely settled that the mode of deciding disputes by judges chosen by the parties themselves for the very occasions, calls for every encouragement from the ordinary tribunals, and hence that formal matters and professional niceties are not to be regarded, and whenever by fair intendment the proceeding can be upheld it will be.

BUSH v. DAVIS.

Authorities might be multiplied almost indefinitely to illustrate this doctrine and show the unsoundness of the first ground of objection to the award, but besides those already cited, it is sufficient to mention the following: *Boston Water Power Co. v. Gray*, 6 *Met.*, 131; *Skeels v. Chickering*, 7 *Met.*, 316; *Mikles v. Thayer*, 14 *Allen*, 114; *Jones v. Carter*, 8 *Allen*, 431; *Sears v. Vincent*, *Ib.*, 507; *Sperry v. Ricker*, 4 *Allen*, 17; *Caldwell v. Dickinson*, 13 *Gray*, 365; *Strong v. Strong*, 9 *Cush.*, 560; *Tallmann v. Tallmann*, 5 *Cush.*, 325; *Pike v. Gage*, 9 *Foster*, 461; *Parsons v. Aldrich*, 6 *N. H.*, 264; *Burchell v. Marsh*, 17 *How.*, 344; *Humphreys v. Pearce*, 14 *E. L. & E.*, 495; *Law v. Blackburrow*, 24 *E. L. & E.*, 312; *Crawshaw v. York, etc., Railway Co.*, 11 *E. L. & E.*, 397; *Dickerson v. Tyner*, 4 *Blackf.*, 253; 2 *Cow. & H. Notes*, 1027.

The court committed no error in overruling the first proposition against the award.

In disposing of the second point, the first consideration is, whether it appears that in awarding interest at ten per cent. the arbitrators went beyond their power, because if it does not so appear, then Bush & Patterson were entitled to judgment for the amount the arbitrators determined to be their due, and the court below erred in cutting down the interest from ten to seven per cent. Now we cannot discover any plausible ground for the course of the circuit court in deciding that Bush & Patterson on the basis of the award were entitled to back interest at seven per cent. and were not entitled to it at ten per cent. as found. No such distinction can be founded on the wording of the submission or award. As presented in the court below, and as presented here, the point rests not upon any actual knowledge of the contents of the contract and other matters which measured the power of the arbitrators under the general submission in regard to the allowance of interest, but upon presumption and intendment under the established doctrine concerning arbitrations. This doctrine has been noticed already as to some of its applications. It may be mentioned

now in a somewhat different aspect.     Mr. Best says: "It is a rule never to raise a presumption for the sake of over-turning an award, but on the contrary to make every reasonable intendment in its support."—*p. 473, Wood's Ed.* And following this general proposition it is laid down distinctly, that the award shall be presumed within the submission unless the contrary expressly appears.—*Joy v. Simpson, 2 N. H., 179; Solomons v. McKinstry, 13 J. R., 27; 2 Cow. and H. notes, 1027.* And see also *Ingram v. Milnes, 8 East, 445; Rixford v. Nye, 20 Vt., 132; Mulder v. Cravat, 2 Bay, 370; Jackson v. Ambler, 14 J. R., 96; Spear v. Hooper, 22 Pick., 144; Gonsales v. Deavens, 2 Yeates, 539; Ross v. Watt, 16 Ill., 99; Maryland, etc., v. Porter, 19 Md., 458; Archer v. Williamson, 2 Har. & Gill, 62; Skillings v. Coolidge, 14 Mass., 43; Coxe v. Lundy, 1 N. J. L. (Coxe), 255; Kleine v. Catara, 2 Gall., 61; Schultz v. Halsey, 3 Sandf. Supr. C. R., 405; Lowndes v. Campbell, 1 Hall, 598; Stipp v. Washington Hall Co., 5 Blackf., 473,* and the cases previously cited, and particularly *Clement v. Comstock.*

As before stated, the submission embraced a given contract but did not specify its terms or scope, and that contract may or may not have warranted the interest awarded, but whether it did so or did not do so, is a fact which was made obvious to the arbitrators, and yet could not be known to the court below and cannot be known here. If the contract justified the allowance of the interest, then certainly its allowance was within the submission, since that contract was referred to the arbitrators and the submission contained nothing to prohibit the award of any interest proper under that contract.    Suppose the submission had referred a promissory note by name simply and without any explanation of its terms, no one would maintain, on consideration of the submission alone, and without any legitimate knowledge concerning the contents of the note, that the allowance of interest upon it, or the allowance of interest at the rate of ten per cent.,

must have been *ultra vires* the submission. The same principle applies here.

The established doctrine in such cases would require the court to intend in favor of the submission, and it was the duty of the court below, as it is the duty of this court, to presume that the contents of the matters submitted, and which were known to the arbitrators, but were not made known to the court below, and are not made known to this court, were such as to warrant the allowance of interest precisely as they allowed it. The conclusion is, that in view of this record Bush & Patterson appear to have been entitled to the back interest as awarded, and that the circuit court erred in cutting it down.

The judgment should be reversed, and as all the facts are conclusively ascertained, a judgment should be entered for the correct sum. No new trial is necessary or would be proper. Both writs of error having been submitted on one record, and one brief on each side, Bush & Patterson will recover costs in this court as for one hearing.

The other Justices concurred.