PIGOTT-HEALY CONSTRUCTION CO. *v* H. A. JONES REAL ESTATE CO.

ARBITRATION AND AWARD—DEFINITENESS—SUBJECT TO LIENS.
> Where the time for filing mechanics' liens on a building had expired, an award of arbitrators to the subcontractors on the building of a certain definite sum, subject to the liens filed, was not open to the objection that it was too indefinite to sustain a judgment in the circuit court, on petition to affirm the award, since the law fixes the place where liens should be filed, and the amount was easily ascertainable.

Error to Wayne; Hally, J. Submitted January 24, 1918. (Docket No. 173.) Decided March 28, 1918.

Petition by the Pigott-Healy Construction Company against the H. A. Jones Real Estate Company for confirmation of an award. Judgment for petitioner. Defendant brings error. Affirmed.

*Douglas, Eaman & Barbour*, for appellant.

*Wilkinson, Routier & Hinkley*, for appellee.

MOORE, J.  The plaintiffs were subcontractors under the H. A. Jones Real Estate Company for certain construction work on two buildings known as the Towar building and the Smith building.  Differences arose between the parties upon an attempt to come to an understanding which they submitted to arbitration. After a hearing an award was made which was filed in the circuit court for the county of Wayne, to the effect that there was due to the plaintiff on the Smith building the sum of $9,346.62, and on the Towar building the sum of $3,457.90; the last paragraph of the award reading as follows:

"The payment of the above amounts by the defendant are subject to the plaintiff discharging any and all liens including costs which may be standing against these buildings or the property on which they are situated, which liens have been served by any material man or subcontractor serving the plaintiffs."

A petition filed in the circuit court to confirm the award was opposed for several reasons, the important one of which is that the award was not final and definite.  At the hearing an order confirming the award in every respect was entered.  Later a motion to vacate the award was made and this was heard in connection with a motion to enter judgment on the award.  At the hearing the question of the construction of the word "serving" in the last line of the award was raised.  To explain this the affidavits of two of the arbitrators were filed, to the effect that the word "serving" was used in the award in the sense of "working for or furnishing material to."  The records of the register of deeds were offered showing liens in which the Pigott-Healy Construction Company was named as a party as follows:

1. Gypsum Fireproofing Company, in which the amount stated to be due is $1,114.

2. Pudrith Roofing Company, in which the amount stated to be due is $468.72.

August 31, 1917, judgment was entered against the defendant and the Lion Bonding & Surety Company, surety, for the sum of $12,804.52, "less liens heretofore filed by persons who furnished materials to and performed labor for the Pigott-Healy Construction Company upon the Joseph N. Smith building, so-called, and the Frank Towar building, so-called, namely, Gypsum Fireproofing Company, work done and materials furnished on Joseph N. Smith building, $1,114; Pudrith Roofing Company, work done and materials furnished on Frank J. Towar building, $468.72, or a net judgment of $11,391.80, with interest from the first day of August, 1917."

The case is brought here by writ of error. Defendant contends the judgment should be set aside and the award vacated for two reasons:

1. That the award was not final and definite.
2. That even though the award is free from objection the judgment entered thereon is not in accordance with the award.

1. Counsel say as to this head:

"We find no case directly in point in which similar facts are involved but the general proposition that an award, to be valid, must be final and definite, is too well established to require argument. *Mather* v. *Day,* 106 Mich. 371; 3 Cyc. pp. 693 and 706."

2. As to this head counsel say:

"The judgment entered in this award was the sums found to be due by the arbitrators on the two jobs involved amounting to $12,804.52, less the sum of $1,-582.72, the amount named as due in two liens filed in the office of the register of deeds, or a net judgment of $11,391.80. It is so evident that such a judgment in no way conforms to the award as made, that argument is useless.   *   *   *

"In 3 Cyc., at p. 771,. the rule is stated as follows:

"'Where the duties imposed upon one party by an award are to be performed simultaneously with, or as a condition precedent to, those required of the other party, the former cannot enforce the award against the latter until he has performed or offered to perform on his own part.'

"This statement is sustained by the authorities there cited."

The diligence of counsel has not resulted in calling our attention to any case on all fours, but the principle involved has been before the courts. In 5 C. J., at page 150, it is said:

"Award capable of being rendered certain. When an award furnishes a substantial basis by and through which the parties can, by calculation, by reference to a fixed standard or rule of law, or by the inspection of particular things or documents, work out the contemplated result in accordance with the principles settled by, and the rights of the parties declared in, the award, it will be regarded as sufficient. In such cases courts give much force to the maxim, *Certum est quod certum reddi potest.* The rule is applied even where the award, instead of setting out the particulars of the conclusions arrived at, refers to and adopts a previous decision or report, the contents of which are ascertainable with certainty."

The case of *Clement* v. *Comstock,* 2 Mich. 359, and the case of *Bush* v. *Davis,* 34 Mich. 190, are cited in the notes, as well as many other cases. See Morse on Arbitration, pp. 251-374, 408; Caldwell on Arbitration, at p. 250.

In *Clement* v. *Comstock, supra,* the award referred to property taken by virtue of two chattel mortgages and a writ of replevin. It was decided that, as the presumption was that the mortgages and writ would describe the property, the award was sufficiently certain. The case is cited with approval in *Bush* v. *Davis, supra.* In the instant case the law fixes the place

where claims of liens should be filed and the time in which they must be filed. The time in which they must be filed had expired. The number and amount of them was easily ascertained.

We think the trial court was right in rendering judgment on the award.

The judgment is affirmed, with costs.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. KUHN, J., did not sit.